ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
Todd E. Duffy, Esq.
Dennis J. Nolan, Esq.
*Proposed Attorneys for the Debtor and
Debtor-in-Possession*

**PRESENTATION DATE:**
**JULY 16, 2009 at 12:00 P.M.**

**OBJECTION DEADLINE:**
**JULY 13, 2009 at 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

MORNING STAR RESTAURANT GROUP, LLC

Debtor.

----------------------------------------------------------------x

Chapter 11

Case No. 09-11189 (ALG)

### APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ANDERSON KILL & OLICK AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO JUNE 15, 2009

Morning Star Restaurant Group, LLC, the above-captioned Debtor and Debtor-in-Possession (the "Debtor" or "Morning Star"), hereby submits this Application (the "Application") for an Order: (a) approving, pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code"), the employment and retention of Anderson Kill & Olick, P.C. ("AKO") as counsel to the Debtor, *nunc pro tunc* to June 15, 2009. In support of the Application, the Debtor respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this Application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is sections 328 and 1103 of the Bankruptcy Code.

## BACKGROUND

2. On March 17, 2009, the Debtor filed a voluntary petition for reorganization under chapter 11 of title 11 of the Bankruptcy Code.

3. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee, examiner or creditors' committee has been appointed in this case.

5. The Debtor originally retained Mendy & Beekman PLLC ("Mendy") as its counsel in this case. Mendy's attorneys are not admitted to practice law in the State of New York and did not file a retention application in this case. On April 8, 2009, Mendy filed a motion to withdraw as counsel to the Debtor. The Court granted Mendy's motion to withdraw on May 8, 2009.

6. The Debtor retained the firm of Todd E. Duffy & Associates PLLC ("Duffy & Associates") on April 17, 2009 as its new counsel. On May 1, 2009, Duffy & Associates filed its Application for an Order Authorizing the Employment and Retention of Todd E. Duffy & Associates PLLC as Counsel to the Debtor and Debtor in Possession *Nunc Pro Tunc* to April 17, 2009 and For Relief From Stay to Pay Retainer (the "Duffy Retention Application").

7. After a hearing on May 14, 2009, the Court entered its Order granting the employment and retention of Duffy & Associates. The Court, however, denied that portion of the Duffy Retention Application which sought relief from stay to pay the retainer.

8. On or about June 15, 2009, Todd E. Duffy, the sole member of Duffy & Associates, joined AKO and became Chair of the Bankruptcy Department at AKO.

## THE DEBTOR'S BUSINESS

9. The Debtor is a New York Limited Liability Company with its principal place of business at 68 West 120th Street, New York, New York 10026. The Debtor does business as Amy Ruth's Restaurant, located at 113 West 116th Street, New York, New York 10026.

10. Since it purchased Amy Ruth's in March 2007, the Debtor has operated this popular Harlem soul-food and Southern cuisine eatery known for its fried chicken and comfort dishes.

11. When the Debtor purchased the restaurant, it assumed over $200,000 in sales tax liability. Efforts to negotiate a reasonable payment plan with the New York State Department of Taxation and Finance are ongoing. In addition, the Debtor experienced business reversals for the past year primarily as a result of the general downturn in the economy, as well as a failed attempt to open a satellite eatery in downtown Brooklyn.

12. The Debtor has reduced its operational costs, primarily through wage reductions and waste controls. This reduction in overhead, along with an increase in revenue has helped the Debtor become more fiscally stable. The Debtor anticipates that it will submit its plan of reorganization within a month or so.

## RELIEF REQUESTED AND BASIS THEREFOR

13. By this application, the Debtor requests that this Court enter an order pursuant to sections 327 and 328(a) of the Bankruptcy Code authorizing the Debtor to employ and retain AKO as its attorneys *nunc pro tunc* to June 15, 2009 for the purpose of providing services as requested by the Debtor.

14. The Debtor wishes to continue its working relationship with Todd E. Duffy and, therefore, to retain AKO as its bankruptcy counsel. The Debtor originally selected Duffy &

Associates as its attorneys because Duffy & Associates had considerable experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and in other areas of law applicable to this chapter 11 case, and was well qualified to represent the Debtor in these proceedings. Moreover, Todd E. Duffy has considerable knowledge of the Debtor's case and its operations, having acted as counsel for the Debtor both prior and subsequent to the Petition Date. In addition, AKO has extensive experience in and knowledge of commercial reorganizations under chapter 11 of the Bankruptcy Code and is well qualified to represent the Debtor.

15. To the best of the Debtor's knowledge, the members and associates of AKO do not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys, except as set forth in the annexed Affirmation of Todd E. Duffy, a member of AKO (the "Duffy Affirmation"). The Debtor is satisfied that AKO represents no adverse interest to the Debtor which would preclude it from acting as counsel to the Debtor in matters upon which it is to be engaged, and that its employment will be in the best interest of the Debtor's estate.

16. The Debtor believes that AKO is qualified to represent it in this case in a cost-effective, efficient and timely manner. Subject to the control and further order of this Court, the professional services that AKO will render to the Debtor include, but shall not be limited to, the following:

    a. advising the Debtor with respect to its powers and duties as a debtor-in-possession in the management of its estate;

    b. assisting in any amendments of the Schedules, and in preparation of the disclosure statement and plan of reorganization;

    c. negotiating with the Debtor's creditors and taking the necessary legal steps to confirm and consummate a plan of reorganization;

d. preparing on behalf of the Debtor all necessary motions, applications, answers, proposed orders, reports and other papers to be filed by the Debtor in this matter;

e. appearing before the Bankruptcy Court to represent and protect the interests of the Debtor and its estate; and

f. performing all other legal services for the Debtor that may be necessary and proper for its effective reorganization, as well as other professional services customarily required, and such litigation services as may be required.

17. AKO intends to work closely with the Debtor's representatives and any other professionals who may be retained by the Debtor to ensure that there is no unnecessary duplication or services performed or charged to the Debtor's estate.

18. AKO has indicated a willingness to act on behalf of the Debtor.

19. Subject to this Court's approval, AKO will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the annexed Duffy Affirmation. For the information of this Court, attorneys and paraprofessionals of AKO bill their time in one-tenth hour increments and the hourly rates charged by AKO, subject to adjustment upon notice, range:

| | |
|---|---|
| Shareholders: | $490-865 |
| Associates: | $280-500 |
| Paralegals: | $160-275 |

Notwithstanding its ordinary and customary hourly rates, AKO has agreed to charge $450.00 for the time of Todd E. Duffy and $300.00 for the time of Dennis J. Nolan.

20. AKO intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, and the Rules and Orders of this Court.

Compensation will be payable to AKO in compliance with the above rules, on an hourly basis, plus reimbursement of actual and necessary expenses incurred by AKO.

## WAIVER OF MEMORANDUM OF LAW

21. This Application includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtor respectfully requests that the Court waive the requirement that the Debtor file a memorandum of law in support of the Application pursuant to rule 9013-1(a) of the Local Rules.

## NOTICE

22. Notice of this Application has been provided to the United States Trustee, the Debtor's unsecured creditors, and any parties who have filed a notice of appearance in this case. The Debtor submits that no further notice is necessary or required.

## NO PREVIOUS APPLICATION

23. No previous application for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE, the Debtor requests entry of an Order authorizing it to employ and retain AKO as counsel in this case, *nunc pro tunc* to June 15, 2009, and granting Applicant such other and further relief as may be just and appropriate.

Dated: New York, New York
July 10, 2009

                              MORNING STAR RESTAURANT GROUP, LLC

                              By: /s/ Lawrence Jordan
                                  Lawrence Jordan
                                  President and Managing Member