ANDERSON KILL & OLICK, P.C.
*Attorneys for Debtor and Debtor-in-Possession*
1251 Avenue of the Americas
New York, New York 10022
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
Todd E. Duffy
Dennis J. Nolan

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                    Chapter 11

**MORNING STAR RESTAURANT GROUP,**                        Case No. 09-11189 (ALG)
**LLC,**

                          Debtor.
----------------------------------------------------------x

### AMENDED DECLARATION OF BRIAN S. ADJO, CPA, ON BEHALF OF BRIAN S. CARR & CO., IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF BRIAN S. CARR & CO. AS ACCOUNTANTS AND CONSULTANTS TO THE DEBTOR

Brian S. Adjo, CPA being duly sworn, declares and says:

1. I am a Certified Public Accountant, licensed under the laws of the State of New York and I am the sole owner of Brian S. Carr & Co., with offices at 154 West 131st Street, 3rd Floor, New York, NY 10027. Brian S. Carr & Co. and its affiliates with offices throughout the country are wholly-owned subsidiaries of Brian S. Carr & Co., (collectively "Brian S. Carr & Co."). Brian S. Carr & Co. is a full service business services firm and we intend to use resources from any office or subsidiary of Brian S. Carr & Co. as necessary.

2. I submit this Amended Declaration to supplement my Declaration in support of Debtor's Application for an Order Authorizing the Retention of Brian S. Carr & Co. as Accountants and Consultants to the Debtor (the "Initial Retention Application") and to support the Debtor's Amended Application.

3. A copy of the Brian S. Carr & Co.'s engagement letter is attached to this Declaration as Exhibit 1.

4. From approximately 2006 until prior to the Petition Date, Brian S. Carr & Co. possessed the Debtor's books and records and performed accounting services for the Debtor, including assistance in the preparation and filing of Corporate and Sales Tax Returns.

5. Subsequent to the Petition Date, and as reflected in the Debtor's September 2009 Monthly Operating Report, Brian S. Carr & Co. prepared the Debtor's 2008 corporate tax returns and received $750 as payment for those services.

6. Other than the initial communication between Brian S. Carr & Co. and representatives of the Debtor with respect to the retention of my firm in this case, and that mentioned in the previous paragraphs, neither I nor, to the best of my knowledge, any other member or employee of my firm had any business, or other connection, with the Debtor, its attorneys or other professionals that are known to be assisting the Debtor, any other Party-In-Interest, the Bankruptcy Court for the Southern District of New York, the Honorable Allan L. Gropper, the United States Trustee, or any other persons employed by the Office of the United States Trustee, Southern District of New York, Manhattan and White Plains Divisions.

7. I have performed an examination of individuals and entities who may be Parties-In-Interest in this Chapter 11 case. That review has revealed that Brian S. Carr & Co. performed services during the 1990's for one of the Debtor's creditors, Morning Star Communications, LLC. The extent of this relationship, however, was quite limited as Brian S. Carr & Co. is believed to have assisted in the completion and filing of a single tax return. Brian S. Carr & Co. has not performed any services to Morning Star Communications, LLC in the past decade and will not provide any services to Morning Star Communications, LLC during the pendency of this case. Otherwise, to the best of my knowledge neither my firm nor any associate thereof, has had

any connection with the Debtor, the Debtor's creditors, or any other Party In Interest herein, except Brian S. Carr & Co. may have (a) worked with and/or for the professionals in this Chapter 11 case in other Chapter 11 cases, or (b) been, or may be currently, engaged as accountants by certain other creditors of the Debtor, although no one professional and/or creditor has comprised more than 1% of the firm's revenue.

8. Insofar as I have been able to ascertain, Brian S. Carr & Co. does not represent any other entity having an adverse interest in connection with this case.

9. To check upon and disclose possible relationships with Parties-In-Interest in this case, Brian S. Carr & Co. performed reasonable due diligence to determine whether it had any relationships with the entities that were listed on the list annexed hereto as <u>Exhibit 2</u> provided to Brian S. Carr & Co. In addition to the efforts described above to identify and disclose connections or relationships with Parties-In-Interest in this Chapter 11 case, if Brian S. Carr & Co. discovers additional material information that it determines requires disclosure, it will promptly file a supplemental disclosure with this Court.

10. Brian S. Carr & Co. is not a prepetition creditor of the Debtor.

11. Brian S. Carr & Co. will assist the Debtor with the following:

    (a) Assist the Debtor in its evaluation of its post-petition cash flow and/or other projections and budgets.

    (b) Monitor the Debtor's activities regarding cash expenditures and general business operations subsequent to the filing of the petition under Chapter 11.

    (c) Assist the Debtor in preparing monthly operating reports.

    (d) Provide financial analysis related to any cash collateral and/or DIP financing, including advising Debtor's counsel concerning such matters.

    (e) Assist the Debtor in evaluating any plan of reorganization.

(f) Perform any other services that may be necessary in our role as accountants/financial advisors to the Debtor or that may be requested by Debtor's counsel or the Debtor.

12. Subject to this Court's approval, Brian S. Carr & Co. seeks payment of a $4,000 retainer for its work to be payable in two installments: (1) $2,000 upon entry of an Order approving Brian S. Carr & Co's retention; and (2) $2,000 thirty days thereafter. Brian S. Carr & Co. has proposed these installment payments for the retainer to minimize any concerns of the U.S. Trustee or other interested party that a lump sum payment of the retainer would impact negatively the Debtor's business operations.

13. Subject to this Court's approval, Brian S. Carr & Co. will charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. Accordingly, time will be billed in the following manner:

| | |
|---|---|
| Owner/Proprietor | **$225** per hour |
| Senior Associates | **$100** per hour |

14. Subject to this Court's approval, Brian S. Carr & Co. will charge for its accounting services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. Brian S. Carr & Co. agrees to provide ten days prior written notice to the Debtor, the U.S. Trustee and the Committee members and which will be filed with the Court.

15. Brian S. Carr & Co. intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy

Code, the applicable Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the U.S. Trustee. Compensation will be payable to Brian S. Carr & Co. in compliance with the above rules, on an hourly basis, plus reimbursement of its actual and necessary expenses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York       Brian S. Carr & Co.
August 26, 2010

*/s Brian S. Adjo*
Brian S. Adjo, CPA

Exhibit 1

**BRIAN S. CARR & CO.**
Brian S. Adjo, CPA
154 West 131st Street, 3rd Floor, New York, NY 10027
Phone/Facsimile 212.348.8814
e-mail briancarr@erols.com

August 11, 2010

Mr. Lawrence Jordan, Managing Member
Morning Star Restaurant Group, LLC
Dba Amy Ruth's Restaurant
113 West 116th Street
New York, NY 10026

Dear Lawrence,

As we agreed, Brian S. Carr & Co. will conduct an analysis of the general ledger of Morning Star Restaurant Group, LLC dba Amy Ruth's Restaurant for the period from January 1, 2009 through July 31, 2010. The purpose of the study will be to assess the accuracy and completeness of bookkeeping entries made to the general ledger to support the financial reporting requirements mandated by the legal proceedings presently ongoing for Amy Ruth's Restaurant.

As an independent accountant, our responsibility is limited to the period covered by the analysis and does not extend to matters that might arise in a subsequent period for which we are not engaged. We will as a regular course of the work we are performing, bring to your immediate attention any reportable conditions or significant deficiencies in your internal control structure that we become aware of.

During the course of the engagement, we will on occasion rely on the staff of your company to prepare certain schedules, bank confirmations, bank reconciliations and other clerical work directly related to the completion of our field work. To the extent possible, we will inform management in advance of those circumstances to eliminate work bottlenecks.

The agreed upon hourly rate structure for this engagement is as follows:

Certified Public Accountant – $225 per hour
Independently Contracted Bookkeeper - $100 per hour

It is critical that you understand that in starting this engagement, we are attempting to identify certain unknown and un-enumerated bookkeeping errors that appear to exist in general ledger of Amy Ruth's Restaurant which makes budgeting total hours for this engagement difficult. We will keep you apprised of the total hours spent on the engagement on a weekly basis and notify you, as early in advance as possible, should we identify any unusual matters that require extraordinary time involvement.

In addition to the above referenced general ledger analysis, we will continue, in the normal course of business, to perform customary on-going tax preparation and tax consulting services for your company as in prior calendar years, which includes completing the 2009 corporate income tax filing and is due no later than September 15, 2010.

Furthermore, in conjunction with the existing bankruptcy proceedings, we will:

(a) Assist the Debtor in its evaluation of its post-petition cash flow and/or other projections and budgets.

(b) Monitor the Debtor's activities regarding cash expenditures and general business operations subsequent to the filing of the petition under Chapter 11.

(c) Assist the Debtor in preparing monthly operating reports.

(d) Provide financial analysis related to any cash collateral and/or DIP financing, including advising Debtor's counsel concerning such matters.

(e) Assist the Debtor in evaluating any plan of reorganization.

(f) Perform any other services that may be necessary in our role as accountants/financial advisors to the Debtor or that may be requested by Debtor's counsel or the Debtor. begin to prepare the monthly financial operations reports for Morningstar Restaurant Group, LLC required for compliance with the company's existing bankruptcy proceedings.

Based on the above projected work assignments, please prepare a retainer fee in the amount of $2,000 as of the date of this letter for man-hours already logged to date and also, prepare a second disbursement in the amount of $2,000 to be payable within 30 days of the date of the engagement letter for on-going billable time. We will issue invoices to Amy Ruth's Restaurant periodically from that point forward accordingly as the project demands.

Finally, prior to the issuance of any court mandated or other financial reports, you should consult jointly with our office and your attorney. Do not photocopy any of our reports and financial statements other than for your own internal use and review. Should there arise another need for the use of the financial reports, we strongly urge that you consult with us prior to re-issuing any court ordered reports or related financial statements.

Sincerely,

/s/ Brian S. Adjo, CPA
Brian S. Adjo, CPA
Brian S. Carr & Co.

Response:

This letter correctly sets forth the understanding of Lawrence Jordan, Managing Member, Morning Star Restaurant Group, LLC

Signature: /s/ Lawrence Jordan

Date: August 26, 2010

## EXHIBIT 2

| | |
|---|---|
| Andrea B. Schwartz, Esq.<br>Office of the United States Trustee<br>33 Whitehall Street<br>21st Floor<br>New York, New York 10004<br>andrea.b.schwartz@usdoj.gov | Hon. Allan L. Gropper<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |
| NYC Department of Health & Mental Hygiene<br>66 John Street, 11th Floor<br>New York, New York 12205 | New York State Dept. of Taxation & Fin.<br>Attn: Bankruptcy Section<br>P.O. Box 5300<br>Albany, NY 12205 |
| Internal Revenue Service<br>Insolvency Section<br>P.O. Box 21116<br>Philadelphia, PA 19114 | State of New York Dept. of Labor<br>Unemployment Insurance Division<br>Gov. W. Averell Harriman State Office<br>Building Campus<br>Building 12, Room 256<br>Albany, New York 12240 |
| Cheryl Smith<br>10 Mount Morris Park West<br>Unit 2<br>New York, NY 10027 | Berlin & Denmar Distributors Inc.<br>1234 Hunts Point Market<br>355 Food Center Drive Bldg. E<br>Bronx, NY 10474 |
| Casablanca Meat Market<br>127 East 110th Street<br>New York, New York 10029 | Consolidated Edison Company<br>  of New York, Inc.<br>Attn: Bankruptcy Group<br>4 Irving Place, Room 1875-S<br>New York, New York 10003 |
| Ecolab Pest Elimination<br>P.O. Box 6007<br>Grand Forks, ND 58206-6007 | David Rosen Bakers Supply, Inc.<br>350 Meserole Street<br>Brooklyn, NY 11206 |
| Thomas Michael Wickersham, Esq.<br>Beigelman, Feiner & Feldman, P.C.<br>100 Wall Street, 23rd Floor<br>New York, NY 10005<br>Morning Star Communications, LLC<br>68 West 120th Street<br>New York, NY 10027 | Golden Protective Services Inc.<br>P.O. Box 7746<br>Salem, OR 97303<br><br>Michael Vann<br>VGM Development Group<br>114 West 114th Street<br>New York, NY 10026 |

# **EXHIBIT 2**

Solora Jones
45 River Drive South
Jersey City, NJ 07130

Best Metropolitan TWL & LIN
P.O. Box 906
60 Madison Ave
Hempstead, NY 11551

Doerfler Maple Farm
478 Brock Hill Road West
West Newbury, VT 05085

Jerome Taylor
301 West 110th Street, #3W
New York, New York 10026

Mitchell Enterprises
2050 Center Avenue
Fort Lee, NJ 07024

Sea Breeze Fish Market, Inc.
541 Ninth Avenue
New York, NY 10018

Neal S. Mann
Assistant Attorney General
120 Broadway
24th Floor
New York, NY 10271

Verizon
P.O. Box 489
Newark, NJ 07101-0489

NYC Dept. Of Finance
Audit Division
345 Adams Street, 5th Foor
Brooklyn, New York 11201
Attn: Bankruptcy Unit

Ridge Produce
P.O. Box 740454
Bronx, NY 10474
ATTN: Mr. Hal Burdo

AICCO, Inc.
Imperial A.I. Credit Companies, Inc.
101 Hudson Street, 34th Floor
Jersey City, NJ 07302

Con Edison
JAF Station
P.O. Box 1702
New York, NY 10012-2802

Gloria Carney
c/o Nichols & Cane, LLP
6800 Jericho Tpke, Ste 120W
Syosset, NY 11791

Michael Stewart
c/o JAA
14201 Pecan Park Road
Jacksonville, FL 32218

Ralph Washington
c/o Gottlieb & Associates
150 E. 18th Street
New York, NY 10003

Valerie Taylor
c/o UPS Store
168 2nd Avenue
New York, NY 10003

State of New York
Department of Labor
State Office Bldg. Campus, Rm. #500
Albany, NY 12240-003

Action Carting Environmental Svc. Inc.
429 Frelinghuysen Ave.
Newark, NJ 07114

# **EXHIBIT 2**

New York Dept. of Labor
Unemployment Insurance Div.
Gov. W.A. Harriman state off Bldg. Campus
Bldg. 12, Rm. 256
Albany, Ny 12240

Tri-State Malted Waffle Inc.
PO Box 197
Milford, NH 03055

State of New York
Worker's Compensation Board
Judgment Unit
20 Park Street
Albany, NY 12207

Tuscan & Beyer
156-02 Liberty Avenue
Jamaica, NY 11433