Alter, Goldman & Brescia, LLP
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 670-0030
(914) 670-0031

Bruce R. Alter (0457)
Dana P. Brescia (0501)

---------------------------------------------------------------X

In re:  Chapter 11

MORNING STAR RESTAURANT GROUP, LLC  Case No. 09-11189 (ALG)

Debtor.

---------------------------------------------------------------X

**RESPONSE ON BEHALF OF LAWRENCE JORDAN, MANAGING MEMBER,
OF DEBTOR, MORNING STAR RESTAURANT GROUP, LLC TO MOTION OF
THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. §1112(b),
<u>TO DISMISS OR CONVERT CHAPTER 11 CASE</u>**

Lawrence Jordan ("Jordan"), managing member of Debtor, Morning Star Restaurant Group, LLC ("Debtor"), by his attorneys, ALTER, GOLDMAN & BRESCIA, LLP, respectfully states the following in response to the Motion of the United States Trustee to Dismiss or Convert Chapter 11 Case:

1. On March 17, 2009, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor does business as "Amy Ruth's Restaurant," a popular Harlem soul-food and Southern cuisine eatery. Debtor employs approximately fifty (50) minority workers, many of which are living paycheck to paycheck and depend on their weekly wages to support themselves and their families.

3. The United States Trustee seeks the conversion of this Chapter 11 case to a case

under chapter 7 of the Bankruptcy Code due to the Debtor's inability to obtain approval of a disclosure statement or set forth a feasible plan of reorganization.

4. Jordan, on behalf of the Debtor, has, since November 2010, been negotiating with Praful Nikam ("Nikam") for the extension of credit, by Nikam or an entity owned by Nikam, to Debtor, in an amount which would enable Debtor to fund a plan of reorganization and emerge from bankruptcy. Nikam is a New York resident and a highly successful entrepreneur, who has successfully managed, invested in, bought and sold various companies and envisions a business opportunity in Debtor.

5. Said negotiations have resulted in Nikam providing Jordan with a Non-Binding Term Sheet outlining the basic terms upon which Nikam would be willing to offer an extension of credit to Debtor. The proposed amount of the loan is $650,000.

6. Jordan believes that said amount is sufficient to enable Debtor to fund a plan of reorganization, which would enable it to pay its administrative creditors in full, set forth a plan pursuant to which priority and unsecured creditors will be paid over a five year period, and enable it's fifty (50) minority workers to maintain their employment.

7. Jordan believes he is close to reaching an agreement with Nikam and that said agreement can be formulized in writing in the very near future. Based thereon, Jordan, on behalf of Debtor, seeks a sixty (60) day adjournment of the United States Trustee's Motion to convert this Chapter 11 case to enable Debtor to formulize an agreement for an extension of credit with Nikam.

8. The United States Trustee in its motion has further raised concerns of Debtor's failure to file monthly operating reports as well as debtor's failure to pay its quarterly United States Trustee's fees. By March 24, 2011, the date the Trustee's Motion is scheduled to be heard, Debtor will have filed its operating reports for January 2011 and February 2011, which will bring Debtor current in said obligation.

9. Based upon the most recent quarterly fee statement received by Debtor, Debtor

owes quarterly fees through December 31, 2010 in the amount of $5,525.00. Debtor will provide a check for the full amount due and owing to the United States Trustee at the hearing in connection in this matter. The undersigned counsel has attempted to reach Ms. Schwartz from the Office of the United States Trustee to request an adjournment of this matter based upon the foregoing. In the event an adjournment of the March 24, 2011 hearing date is consented to by Ms. Schwartz, a check for the amount due and owing the United States Trustee will be forwarded to Ms. Schwartz's attention by March 24, 2011.

10. Also scheduled to be heard on March 24, 2011 is the Application of Anderson Kill & Olick, P.C. ("AKO") to withdraw as counsel to the Debtor. Debtor has no objection to the withdrawal of AKO. In the event, Jordan and Debtor, can reach agreement with Nikam for the extension of credit, Alter, Goldman & Brescia, LLP ("AGB") intends to apply to this Court for an Order authorizing Debtor to retain AGB.

11. Based upon the foregoing, Jordan seeks an adjournment of the United States Trustee's Motion to Convert this Chapter 11 case for a period of sixty (60) days to enable Debtor an opportunity to reach agreement for the extension of credit and ultimately file a plan and disclosure statement while will allow the Debtor to successfully emerge from bankruptcy.

Dated: March 17, 2011
      Harrison, New York

Alter, Goldman & Brescia, LLP
On behalf of Lawrence Jordan,
Managing Member of Debtor

By: */s/ Bruce R. Alter*
    Bruce R. Alter (0457)