Alter, Goldman & Brescia, LLP
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 670-0030
(914) 670-0031

Bruce R. Alter (0457)
Dana P. Brescia (0501)

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| MORNING STAR RESTAURANT GROUP, LLC | Case No. 09-11189 (ALG) |
| Debtor. | |

---------------------------------------------------------------X

**DECLARATION OF BRUCE ALTER IN OPPOSITION TO**
**CHAPTER 11 TRUSTEE'S MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE**
**TO ONE UNDER CHAPTER 7 OF THE BANKRUTPCY CODE**

Bruce R. Alter, an attorney duly admitted to practice law before this Court, hereby declares under the penalty of perjury, as follows:

1. I am an attorney duly admitted to practice before this Court and a member of Alter, Goldman & Brescia, LLP, counsel for the above-captioned Debtor. I have knowledge of the facts set forth below based upon my review of the file maintained by my firm and my participation in this case.

2. I submit this declaration in opposition to the Chapter 11 Trustee's motion seeking to convert the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code and for related relief (the "Motion").

3. After several adjournments of a motion by the United States Trustee, seeking to convert or dismiss the Debtor's Chapter 11 case, and after a hearing on April 27, 2011,

this Court entered an Order directing the appointment of a Chapter 11 Trustee on April 28, 2011. On May 4, 2011, Marianne O'Toole was appointed as the Chapter 11 Trustee.

4. As the Chapter 11 Trustee indicates in Paragraph 2 of the Motion, "…when the Trustee was appointed, the Debtor's case was already hopelessly administratively insolvent…" The issue of the Debtor's insolvency had already been determined and discussed at great length during arguments at the hearings on the Office of the United States Trustee's Motion. Despite such insolvency, the Court decided to appoint an operating trustee rather than convert Debtor's case to (a) enable the Debtor to operate profitably during the summer season; (b) retain the value of the business as a going concern; (c) enable the forty seven (47) employees to retain their jobs in a community which desperately needs them and (d) to allow the parties, including the operating Chapter 11 Trustee, to maximize the value of the estate while the parties seek potential purchasers and investors.

5. The Chapter 11 Trustee now alleges, <u>contrary to the instructions of this Court</u>, that just forty eight (48) hours after appointment, she has "discovered" that the business is insolvent and feels that it should be converted. In only 48 hours, the Chapter 11 Trustee has made no effort or given herself an opportunity to maximize the value of the business.

6. Lawrence Jordan, the managing member of Debtor, is currently transitioning the operations of the business to the Chapter 11 Trustee and continues to look for potential purchasers or investors at the same time. The Chapter 11 Trustee should be directed to

2

operate the business for a reasonable period of time in order to accurately determine its profitability going forward, rather than make an assumption after only 48 hours, based upon facts that the parties and this Court were already aware of when it made its decision to appoint the Chapter 11 Trustee.

7.  There seems to be no value or reason to convert this case at this time when the Debtor has the ability to operate profitably in the coming months.  The Chapter 11 Trustee's position is premature after only 48 hours of appointment, especially while the business is still in the process of being transitioned into the Chapter 11 Trustee's control.

**WHEREFORE**, the Debtor affiant respectfully requests that this Court deny the Chapter 11 Trustee's Motion and grant such other relief as this Court deems just and proper.

Dated:  Harrison, New York
        May 12, 2011

            Respectfully Submitted,

            ALTER GOLDMAN & BRESCIA, LLP
            Attorneys for the Debtor

            By:_/s/ Bruce R. Alter_
              Bruce R. Alter