UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:  Chapter 11
 Case No: 09-11189 (ALG)
MORNING STAR RESTAURANT GROUP, LLC
*a/k/a* AMY RUTH'S RESTAURANT,

                            Debtor.
---------------------------------------------------------------x

## ORDER SETTING PROCEDURES FOR TRUSTEE'S
## SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S
## ASSETS SUBJECT TO HIGHER AND BETTER OFFERS

Upon the motion (the "Motion") dated May 16, 2011 of Marianne T. O'Toole, the former chapter 11 trustee and now interim chapter 7 trustee (the "Trustee") of the estate of Morning Star Restaurant Group, LLC *a/k/a* Amy Ruth's Restaurant, Inc. (the "Debtor"), seeking the entry of an order under §§ 363 and 365 of title 11, United States Code, (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006: (a) authorizing and approving the terms and conditions of sale (the "Terms of Sale") (a copy of which is annexed hereto as **Exhibit A**) between the Trustee and Mitchell Mekles, or the entity which submits a higher and better offer under the same or similar terms and conditions of sale as the Terms of Sale, which among other things, provides for the sale of substantially all of the assets of the Debtor's estate, including, but not limited to, furniture, fixtures and equipment, inventory, intangible assets, and leasehold property known as and located at 113 West 116th Street, New York, New York (collectively, the "Assets"), free and clear of liens, claims, encumbrances and interests (collectively, the "Liens"), with such Liens, if any, to attach to the net proceeds of sale in the amount and priority as they exist as of the Filing of the Debtors' petitions under Title 11 of the United States Code; and granting the Trustee related relief that is consistent with the Motion, and appropriate notice having been given; and upon the hearing to consider the Motion and the terms of this Order held on May 23, 2011, before the Honorable Allan L. Gropper, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York, 10004 (the "Hearing"); and upon the record of the Hearing, the transcript of which is incorporated herein; and the Court having found that the relief requested by the Motion and presented to the Court at the

1  JSK/919607.1/060339

Hearing related to the entry of this Order is necessary and in the best interest of the Debtor's estate; and sufficient cause having been shown; and additional notice being neither necessary nor required; and after due deliberation by this Court; it is hereby

**ORDERED,** that Marianne T. O'Toole, the interim chapter 7 trustee of the Debtor's estate is authorized to conduct a public auction sale (the "Auction") of the Assets; and it is further

**ORDERED,** that the Auction will be held at the Courtroom of the Honorable Allan L. Gropper, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York at Bowling Green, One Bowling Green, New York, New York 10004 (Courtroom 617 or such other room as may then be designated) on **May 26, 2011 at 2:00 p.m.**; and it is further

**ORDERED,** that the initial bid at the Auction shall be at least $140,000; and it is further

**ORDERED**, that any interested party wishing to make a competing offer for the Assets (an "Interested Party") must, at or prior to the Auction: (a) agreed to be bound by the same or similar terms set forth in the Terms of Sale annexed hereto as Exhibit A; and (b) present to the Trustee, a certified check or bank check in the amount of Fourteen Thousand Dollars ($14,000.00) payable to "Marianne T. O'Toole, Chapter 7 Trustee", which amount shall serve as a partial good faith deposit against payment of the purchase price by such Interested Party as the Trustee determines to have made the highest or best bid for the Assets at the Auction (the "Successful Bidder"); and it is further

**ORDERED**, that an Interested Party wishing to make a competing offer for the Assets on or before the Auction, may do so by contacting the Trustee's proposed counsel SilvermanAcampora LLP, at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., (516) 479-6300; RFriedman@SilvermanAcampora.com, or the Trustee's proposed auctioneer David R. Maltz & Co., Inc. at 155 Terminal Drive, Plainview, New York 11803, Attn. Richard Maltz or David Maltz (516) 349-7022, RMaltz@maltzauctions.com, and it is further

**ORDERED**, that the Successful Bidder must close on the sale of the Assets no later than two (2) days following the entry of an order by this Court approving the sale of the Assets at the office of the Trustee's proposed counsel, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York; and it is further

**ORDERED,** that as soon as practicable, but prior to the Auction, the Trustee shall file a schedule setting forth the proposed prepetition cure amount for any executory contracts and unexpired leases (the "<u>Cure Schedule</u>"), which may be assigned to the Successful Bidder in connection with a sale of the Assets. The Cure Schedule shall be served by overnight delivery upon each counterparty to an executory contract or unexpired lease that is included on the Cure Schedule. In the event of any dispute that is not resolved between the counterparty to the executory contract and/or unexpired lease and the Trustee regarding the cure amount, the Trustee shall notify the Court of the dispute and a hearing will be scheduled on an expedited basis in order to resolve such dispute; and it is further

**ORDERED**, that a hearing will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York, 10004 on the **27th day of May 2011 at 11:00 a.m**., or as soon thereafter as counsel may be heard, to consider the approval of the sale of the Assets to the Successful Bidder (the "<u>Sale Hearing</u>"); and it is further

**ORDERED**, that the Sale Hearing may be adjourned from time to time, without further notice other than by an announcement of such adjournment in open Court or by the filing of a notice of such adjournment on the docket sheet for the Debtor's case; and it is further

**ORDERED,** that on or before **May 23, 2011**, the Trustee shall serve copies of this Order on: (i) the Debtor; (ii) the Debtor's counsel; (iii) all the Debtor's creditors listed in it petition; (iv) all parties who have filed a notice of appearance in the Debtor's case; (v) the Office of the United States Trustee for the Southern District of New York; and (vi) all parties that have expressed interest in purchasing the Assets; and it is further

**ORDERED,** that objections, if any, to the sale to the Successful Bidder shall be (i) made in writing, (ii) filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system and, by all other parties in interest, **filed with** the Clerk of the United States Bankruptcy Court, at the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York, 10004, on a 3.5 inch floppy disk with a hard copy delivered directly to the Chambers of the Honorable Allan L. Gropper, United States Bankruptcy Judge, One Bowling Green, New York, New York, 10004, and (iii) served in accordance with General Order M-399 and a copy served upon and received by counsel to the Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Justin S. Krell, the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Greg Zipes; so as to be actually received no later than **May 26, 2011 at 5:00 p.m.** (the "Objection Deadline"); and it is further

    **ORDERED**, that the failure of any party receiving notice of the Auction, through the notice requirements set forth in this Order, to file objections prior to the Objection Deadline shall preclude such party from asserting an objection to the Auction and the relief requested at the Sale Hearing; and it is further

    **ORDERED,** that proof of service in accordance with this Order shall be filed with the Bankruptcy Court prior to the Auction; and it is further

    **ORDERED**, that the Trustee is authorized, empowered and directed to do such things, execute such documents and expend such funds as necessary to implement the terms of this Order.

Dated: New York, New York
       May 23, 2011

                                          */s/ Allan L. Gropper*
                                          Honorable Allan L. Gropper
                                          United States Bankruptcy Judge

# EXHIBIT A

## TERMS AND CONDITIONS OF SALE

1. These Terms and Conditions of Sale are being promulgated in connection with the sale by Marianne T. O'Toole, as Trustee of Morning Star Restaurant Group, LLC d/b/a Amy Ruth's Restaurant (the "Debtor"), chapter 11 case no. 09-11189 (ALG) (SDNY) ("Trustee") of the fixtures, furniture, equipment, intangible assets and leasehold property known as and located at 113 West 116th Street, New York, New York (collectively referred to as the "Property"). The seller of the Property is Marianne T. O'Toole, as Trustee. The Purchaser of the Property is Mitchell HEA (the "Purchaser"). The purchase price for the Property is One Hundred Thousand and 00/100 ($100,000.00) Dollars plus additional consideration consisting of the waiver of all claims, rights or interests in and to back, current and future rent owed by the Debtor to the Purchaser (the "Purchase Price"), which is subject to Bankruptcy Court Approval, higher and better offers received at ~~~~ to the public auction sale of the Property (the "Public Auction"), and confirmation by the Trustee following the conclusion of that process.

2. The Public Auction for higher or better offers will occur on or about May 23, 2011. The next acceptable bid for any competing bidder must be equal to or greater than $140,000.00.

3. If the Purchaser is not the successful bidder at the Public Auction, than the successful bidder shall be responsible for curing the back rent due the Purchaser under that certain lease agreement (the "Lease") entered into between the Debtor and the Purchaser, provided that Lease is assumed and assigned by the Trustee to the successful bidder under 11 U.S.C. §365.

4. If desired, at his sole discretion, the Purchaser shall have the right to bid higher at the Public Auction.

5. Purchaser shall: (a) deliver to the Trustee's counsel, SilvermanAcampora LLP, Attn: Ronald J. Friedman, Esq. a certified check, or bank check, payable to "Marianne T. O'Toole as Trustee" in an amount of Twenty Five Thousand and 00/100 ($25,000.00) Dollars, which represents twenty five percent (25%) of the Purchase Price upon execution of the attached Memorandum of Sale (the "Deposit"); and (b) pay the balance of the Purchase Price of the Property to the Trustee by certified check, bank check, federal funds or wire transfer at the closing of title to the Property (the "Closing").

6. Purchaser must close on the purchase of the Property within 2 days following the entry of an order by the Bankruptcy Court approving the sale at the office of the proposed attorneys for the Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York (the "Closing Date").

7. Any New York State or local Transfer Taxes shall be paid at closing by the Purchaser.

8. In connection with the Closing and Closing Date, the Purchaser is hereby given notice that Time is of the Essence against the Purchaser. The Purchaser's failure to pay the balance of the Purchase Price on or before the Closing Date will result in the forfeiture of the Deposit and the termination of the Purchaser's right to acquire the Property under these Terms and Conditions of Sale. The Purchaser shall be obligated to purchase the Property and there is no contingency of any kind or nature that will permit the Purchaser to cancel these Terms and Conditions of Sale.

1

9. The Property is being sold "as is", "where is", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever subject to, among other things: (a) any state of facts a physical inspection may show; and (b) any building or zoning ordinances or other applicable municipal regulations and violations thereof.

10. The Trustee, if necessary, will obtain an order of the Bankruptcy Court authorizing her to sell the Property to Purchaser free and clear of any liens, claims or encumbrances of whatever kind or nature. By delivering the Deposit, Purchaser acknowledges that he/she have had the opportunity to review and inspect the Property and will rely solely thereon and on his/her own independent investigation and inspection of the Property. Neither the Trustee nor any of her representatives make any representations or warranties with respect to permissible uses of the Property. The Purchaser acknowledges that he/she have conducted his/her own due diligence in connection with the Property, and are not relying on any information provided by the Trustee or his professionals.

11. The Trustee shall convey the Property by delivery of a Bill of Sale, in accordance with an order of the United States Bankruptcy Court.

12. Neither the Trustee, Trustee's counsel, other professionals nor the bankruptcy estate of Morning Star Restaurant Group, LLC d/b/a Amy Ruth's Restaurant is liable or responsible for the payment of fees of any broker that has not previously been approved by Order of the Bankruptcy Court for the Southern District of New York or that is not subject to agreement with the Trustee at the time of execution of the these terms. It is understood that David R. Maltz & Co., Inc. is the auctioneer for the Trustee and seeks payment under local rules provided Purchaser closes on the Property.

13. Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of the Title 11 of the United States Code (the "Bankruptcy Code"), or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the Terms and Conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Court. The Trustee reserves the right to modify the terms and conditions of sale at the auction or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Court.

14. By tendering the Deposit for the purchase of the Property, Purchaser acknowledges having read these Terms and Conditions of Sale and having agreed to be bound by them.

15. If the Trustee is unable to deliver the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever, her only obligation will be to refund the Deposit, without interest, and the Purchaser will have no recourse against the Trustee, Trustee's counsel or any Broker previously approved by Order of the Court or engaged by the Trustee.

16. It is understood by Purchaser that the purchase of the Property is subject to Bankruptcy Court approval which is anticipated to be scheduled for a date close to May 23, 2011.

17. The Property shall be delivered at the Closing in its current condition and free of all tenancies.

18. Any disputes concerning the Sale of the Property shall be determined by the United States Bankruptcy Court for the Southern District of New York. By tendering the Deposit

to the Trustee's counsel, the Purchaser consents to the jurisdiction of the Bankruptcy Court to determine such disputes.

19. Pursuant to Bankruptcy Rule 6004-1 no appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser of auctioneer, or relative of any of the foregoing, shall purchase, directly or indirectly, or have a financial interest in the purchase of, any property of the estate that the appraiser or auctioneer has been employed to appraise or sell.

20. These Terms and Conditions are subject to the approval of the Bankruptcy Court.

I have received a copy and read these Terms and Conditions of Sale and agree to be bound by them.

Mitchell Mitchell          *[signature]*          5/16/11
PURCHASER NAME            SIGNATURE               DATE

3

JSK/916739 1/060339

## MEMORANDUM OF SALE

Mitchell MEKIES (the "Purchaser") has this 16th day of May, 2011, agreed to purchase the fixtures, furniture and leasehold property located at 113 West 116th Street, New York, New York (the "Property"), from Marianne T. O'Toole, in her capacity as chapter 11 trustee of Morning Star Restaurant Group, LLC d/b/a Amy Ruth's Restaurant, chapter 11 case no. 09-11189 (ALG) (SDNY) (the "Trustee"), for the sum of One Hundred Thousand and 00/100 ($100,000.00) Dollars and other consideration as referenced in the Terms and Conditions of Sale, subject to higher or better offers and hereby promises and agrees to comply with the annexed Terms and Conditions of Sale.

_[signature]_
PURCHASER (Signature)

Mitchell MEKIES
PRINT NAME OF PURCHASER

2050 Center Ave
ADDRESS

Ft Lee NJ 07024
ADDRESS (City, State, Zip)

201-947-7188
TELEPHONE NUMBER

201-947-7466
FAX NUMBER

PURCHASER (Signature)

PRINT NAME OF PURCHASER

ADDRESS

ADDRESS (City, State, Zip)

TELEPHONE NUMBER

FAX NUMBER

Received from Mitchell MEKIES the sum of Twenty Five Thousand and 00/100 ($25,000.00) Dollars, check made payable to "Marianne O'Toole, as Trustee", as a deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

Ronald J. Friedman, Esq.
Trustee's Counsel
SilvermanAcampora LLP
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Tel (516) 479-6300
Fax (516) 479-6301

4

JSK/916739.1/060339