UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

MORNING STAR RESTAURANT GROUP, LLC
*a/k/a* AMY RUTH'S RESTAURANT,

                        Debtor.
---------------------------------------------------------------x

Chapter 7
Case No: 09-11189 (ALG)

**ORDER AUTHORIZING AND APPROVING**
**TERMS AND CONDITIONS OF THE TRUSTEE'S**
**SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Upon the motion (the "Motion") dated May 16, 2011 of Marianne T. O'Toole, the interim chapter 7 trustee of the estate of Morning Star Restaurant Group, LLC *a/k/a* Amy Ruth's Restaurant, Inc. (the "Debtor") seeking the entry of an order under §§ 363 and 365 of title 11, United States Code, (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006: (a) authorizing and approving the terms and conditions of sale (the "Terms of Sale") between the Trustee and Mitchell Mekles (the "Purchaser"), which among other things, provides for the sale of substantially all of the assets of the Debtor's estate, including, but not limited to, furniture, fixtures and equipment, inventory, certain intangible assets, and leasehold property known as and located at 113 West 116th Street, New York, New York (collectively, the "Assets"), free and clear of liens, claims, encumbrances and interests (collectively, the "Liens"), with such Liens, if any, to attach to the net proceeds of sale in the amount and priority as they exist as of the Filing of the Debtors' petitions under Title 11 of the United States Code; and upon the hearing held on May 27, 2011 before the Honorable Allan L. Gropper, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York, 10004 (the "Hearing"); the transcript of which is incorporated by reference herein, to consider the Motion; and upon the public auction sale (the "Auction") having been conducted on May 26, 2011 pursuant to this Courts Order dated May 23, 2011 setting the procedures for the Auction (the "Procedures Order"); and the Purchaser having submitted the highest and best bid at the Auction; and upon the Terms of Sale promulgated in connection with the Auction; and the Court having found that the relief requested by the Motion

related to the entry of this Order necessary and in the best interest of the estates; and sufficient cause having been shown; and appropriate notice having been given and additional notice being neither necessary nor required; and after due deliberation by this Court; it is hereby

**Adjudged, Decreed and Found as Follows:**

1. The Motion constitutes a core proceeding and the Court has jurisdiction over the subject matter of this proceeding and the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of the chapter 7 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Motion seeks the entry of an order under Bankruptcy Code §§ 363 and 365 of title 11, United States Code, and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006: (a) authorizing and approving the Terms of Sale (A copy of which is annexed hereto as **Exhibit A**.) between the Trustee and the Purchaser, which among other things, provides for the sale of the Assets free and clear the Liens, pursuant to Bankruptcy Code §§ 363(b) and (f), which was subject to higher and better offers at the Auction.

4. The Terms of Sale provide a substantial benefit to the Debtor's estate because it provides for the immediate sale of the Assets. The Terms of Sale provide for, among other things, the sale for a purchase price of Three Hundred Fifty Thousand and 00/100 ($350,000) Dollars, which is payable in accordance with the Terms of Sale.

5. The Terms of Sale represent the reasonable exercise of the Trustee's business judgment and the highest and best offer.

6. Proper, timely, adequate and sufficient notice of the Motion, the Terms of Sale, and the Auction has been provided in accordance with Bankruptcy Rules 2002, 6004 and 6006, and this Court orders dated May 17 and 23, 2011 (the "<u>Scheduling Order</u>") and the Procedures Order, and no other or further notice of the Motion, the Terms of Sale, and the Auction is or shall be required.

7. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

8. Trustee has demonstrated good, sufficient and sound business reasons and justifications for entering into the transactions contemplated by the Terms of Sale.

9. The Terms of Sale reflects the best opportunity in the Trustee's business judgment to obtain a fair purchase price for the Assets. The Terms of Sale provide the estate with a substantial benefit and limits the necessity to expend funds to continue to maintain the operations of the Debtor's business.

10. There are compelling business justifications for the approval of the Motion and the sale of the Assets to the Purchaser.

11. The Terms of Sale were negotiated by and between the Trustee and Purchaser at arm's length and in good faith; and the Purchaser has acted in good faith and is entitled to the protections of a good faith purchaser under Bankruptcy Code section 363(m).

12. The sale of the Assets to the Purchaser under the terms of the Terms of Sale meets and satisfies the applicable provisions of section 363(f) of the Bankruptcy Code such that the transfer of the Assets will be free and clear of all liens, claims, interests and encumbrances, including any successor liabilities, with all such liens, claims, interests and encumbrances of any kind or nature whatsoever to attach to the net proceeds of the sale of the Assets in the order of their priority, with the same validity, force and effect which they now have against the Assets and had as of the filing of the Debtor's petition, subject to any claims and defenses that the Trustee or any other party in interest may possess with respect thereto.

13. The requirements of section 365 of the Bankruptcy Code have been met with respect to the assumption and assignment of certain unexpired leases (the "Leases") by demonstrating that (a) the Cure Schedule (as defined in the Procedures Order) was served in accordance with the Procedures Order and no additional notice of the Cure Schedule is necessary or required; (b) all existing defaults of those leases identified in the Cure Schedule

JSK/922466.1/060339

have been cured or will be promptly cured; and (b) adequate assurance of future performance has been provided by the Purchaser.

14. The Purchaser is not an "insider" of any Debtor or their Affiliates, as that term is defined in section 101 of the Bankruptcy Code.

15. Trustee and the Purchaser have negotiated and entered into the Terms of Sale without collusion, in good faith and at arm's-length. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Terms of Sale to be avoided under section 363(n) of the Bankruptcy Code.

16. Bankruptcy Rule 2002(a) requires twenty-one days' notice of the Trustee's use or sale of property outside the ordinary course of business. Under the foregoing circumstances, cause existed to substantially shorten notice. The Trustee has served notice of the Hearing and the Motion on (i) the Debtors', (ii) Debtors' counsel, (iii) all the Debtor's creditors listed in its petition, (iv) all parties who have filed a notice of appearance in the Debtor's case; (v) the Office of the United States Trustee for the Southern District of New York, and (vi) all parties that have expressed interest in or are reasonably believed to be interested in purchasing the Assets in accordance with the Scheduling Order and the Procedures Order. Such notice is reasonable under the circumstances and is good and proper notice and no additional notice necessary or required.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted. ~~in its entirety and approved in all respects.~~

2. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

3. Where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

4. The Trustee is authorized to (a) execute the Terms of Sale, along with any additional instruments or documents that may be necessary to document and implement

the transaction contemplated by the Terms of Sale, provided that such additional documents do not materially change its terms; (b) consummate the sale of the Assets in accordance with the terms and conditions of the Terms of Sale and the instruments and agreements contemplated thereby; (c) take all further actions as may reasonably be requested by the Purchaser for the purpose of transferring the Assets; and (d) expend such funds as are necessary to consummate the transactions contemplated by the Terms of Sale.

5. Each and every federal, state and local government agency or department is authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Terms of Sale.

6. Pursuant to section 363(f) of the Bankruptcy Code, the Assets will be transferred free and clear of all liens, claims, encumbrances and interests (the "<u>Interests</u>") in such property, ~~including any successor liabilities~~, whether known or unknown, contingent or non-contingent, and liquidated or unliquidated, with all such Interests attaching to the sale of the Assets proceeds with the same validity and priority and the same defenses, as existed immediately prior to such sale of the Assets, and all persons and entities holding any such Interests, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, employees, and other creditors, holding interests of any kind of nature whatsoever against or in the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinate), arising under or out of, in connection with, or in any way relating to the, the Debtor, the Assets, the operation of the Debtor's business prior to the sale of the Assets, or the transfer of the Assets to the Purchaser, will be forever barred, estopped and permanently enjoined from asserting such Interests against the Purchaser, its successors or assigns, and the Assets (as defined in the Terms of Sale), unless the Purchaser has expressly assumed the liabilities for such Interests under the Terms of Sale.

7. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents evidencing interests in the Assets has not

delivered to the Trustee **after request therefor** prior to the Closing Date (as defined in the Terms of Sale) termination statements, instruments of satisfaction, and/or releases of such interests, then the Trustee is authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity.  This order shall be deemed a satisfaction or release of such interest and all federal, state and local governmental agencies and departments shall accept this order for filing as evidencing same.

8. Pursuant to section 365 of the Bankruptcy Code, the Trustee is authorized to assume and assign to the Purchaser the Assumed Contracts free and clear of all Interests (except as otherwise set forth in the Terms of Sale), with all such Interests attaching to the sale of Assets proceeds with the same validity and priority as they had in the Assets.

9. Upon the assignment of the Leases to the Purchaser, if any, such Leases shall be deemed valid and binding, in full force and effect, as to Purchaser, in accordance with their respective terms, notwithstanding any provisions that purport to prohibit assignment or condition assignment.

10. The consideration provided by the Purchaser for the Assets is and shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law.

11. The Purchaser is not and shall not be deemed to be a successor to Debtor or the Debtor's business operations **by virtue of the sale authorized hereby**, and the Purchaser shall not be subject to any liabilities based on theories of successor liability or any other theory **to the greatest extent available under applicable law**.  All parties with interests in the Assets and any other third parties, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, employees, and other creditors, are hereby permanently enjoined from asserting or prosecuting any claims (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) against the Purchaser or any of its affiliates arising under or out of, in connection with, or in any way relating to the Debtor, its estate, and/or the

Assets purchased, except with respect to liabilities expressly assumed by the Purchaser under the Terms of Sale.

12. The terms of this Order shall not modify the terms of the Terms of Sale or any instruments or documents necessary to implement the Terms of Sale. The failure to specifically include any particular provisions of the Terms of Sale in this Order shall not diminish or impair the effectiveness of such provisions.~~; it being the intent of the Court that the Trustee's approval, consent and implementation of the transactions contemplated by the Terms of Sale and the Motion be approved in their entirety.~~

13. The Terms of Sale and any related agreements, documents or instruments may be modified, amended or supplemented by the parties thereto, without further Order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate **and a copy is filed on the docket**.

14. This Order shall be effective immediately upon entry pursuant to Rule 7062 and 9014 of the Federal Rules of Bankruptcy Procedure. The Court hereby waives the 14-day stay set forth in Bankruptcy Rules 6004(h) and 6006(d) in order that the transactions described herein may be closed prior to the expiration of such 14-day period. Further, the Court hereby waives the 21-days' notice of the Trustee's use or sale of property outside the ordinary course of business.

15. Trustee be, and hereby is, authorized to satisfy payroll and tax obligations of the Debtor's business for the duration of her operation of the business through and including the date of the **closing**.

16. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation or enforcement of this Order and the terms of the Terms of Sale or any instruments or documents necessary to implement the Terms of Sale.

17. The Trustee be, and hereby is authorized and directed to take such steps, execute such documents and expend such funds as may be reasonably necessary to effectuate and implement the terms and conditions of this Order.

Dated: New York, New York
      May 27, 2011

                                               _/s/ Allan L. Gropper_
                                               Honorable Allan L. Gropper
                                               United States Bankruptcy Judge

8

JSK/922466.1/060339